HAGOOD MOODY HODGE, PLC
Timothy A. Housholder (BPR # 020792)
900 S. Gay Street
Knoxville, TN 37902
Phone: (865) 525-7313
Fax: (865) 525-0858
E-Mail: tim@hagoodmoodyhodge.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

------------------------------------- x

ZURICH AMERICAN INSURANCE COMPANY,

    *Plaintiff,*

- against -

COVENANT TRANSPORT, INC.,

    *Defendant.*

------------------------------------- x

Index No. _____

**COMPLAINT**

**JURY DEMANDED**

Plaintiff Zurich American Insurance Company (hereinafter "Plaintiff" or "ZAIC") by its undersigned attorneys, Hagood Moody Hodge, PLC, for its Complaint, alleges on information and belief as follows:

GENERAL ALLEGATIONS
APPLICABLE TO ALL CAUSES OF ACTION

JURISDICTION, VENUE AND PARTIES

1. This Court has subject matter jurisdiction pursuant to federal law under 28 U.S.C. § 1331 as a claim arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337(a) and pursuant to the Carmack Amendment codified at 49 U.S.C. § 14706, and/or Diversity of Citizenship, 28 U.S.C. §1332, and/or federal common law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. At all times material hereto, Plaintiff Zurich American Insurance Company (hereinafter "Plaintiff" or "ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. It is authorized to transact business and has transacted business in all 50 States and the District of Columbia. ZAIC insured Mylan, Inc. and its corporate successor Viatris, Inc. (hereinafter referred to as "Mylan"), the owner of the Shipment which is the subject matter of this action.

3. Defendant Covenant Transport, Inc., (hereinafter "Defendant" or "Covenant") is a corporation or other business entity organized and existing under the laws of the State of Tennessee, with its principal place of business at 400 Birmingham Hwy, Chattanooga, Tennessee, 37419, and was and now is engaged in business as, *inter alia*, a carrier of goods by road for hire, and/or otherwise was involved in the transportation of goods and operates and runs routes in this District, and does business in the State of Tennessee and in this District.

4. Venue is proper here within the meaning of 28 U.S.C. § 1391(c) and/or 49 U.S.C. § 14706(d), and both specific and general jurisdiction over the Defendant exists here, because a) Defendant is a receiving and/or delivering carrier and/or does business and/or schedules or operates trucks and routes throughout the 48 contiguous United States including the State of Tennessee and the area comprising the Eastern District of Tennessee, and b) Defendant is incorporated in Tennessee and has its principal place of business in the Eastern District of Tennessee and thus is at home in this forum. The Eastern District of Tennessee is the most convenient forum because Defendant is headquartered here and the most important witnesses

involved with the claim are located here.

## THE SHIPMENT

5. On or about February 5, 2021, there was shipped by Mylan and delivered to Defendant Covenant in Greensboro, North Carolina a consignment consisting of 28 pallets of Medicine, then being in good order and condition (the "Shipment"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Defendant Covenant agreed to transport and carry and/or broker and/or forward and/or otherwise arrange for transport of the Shipment to La Habra, California, and there deliver the Shipment in the same good order and condition as when received. The Shipment is described in a transportation document dated February 5 and 8, 2021, and/or such other documents as may be deemed to constitute receipts or parts of the contracts of carriage.

6. The Shipment was not delivered at destination in the same good order and condition as received, but on the contrary, was severely damaged, all in violation of Defendant Covenant's obligations as a carrier and/or broker and/or forwarder and/or otherwise.

## THE CONTRACT

7. Mylan and Covenant entered into a written contract dated January 20, 2015 ("Contract").

8. By the terms of the Contract, Clause 1.1, Covenant agreed to transport Mylan's products, including the Shipment at issue, per Mylan's instructions.

9. By the terms of the Contract, Clause 1.3, Covenant agreed to accept "all responsibility whatsoever for the risk of loss and all other responsibilities incident to possession, custody or control" of the Shipment.

10. By the terms of the Contract, Clause 1.6, Covenant agreed that its

contractual obligations "shall be construed and enforced in accordance with the Laws of the State of West Virginia, without regard to the conflicts of laws provisions thereof."

11. By the terms of the Contract, Clause 1.6, Covenant agreed that if any term of the Contract is "invalid, illegal or unenforceable under the laws of West Virginia" then "the remaining part of this Agreement shall be enforced as if such invalid, illegal or unenforceable part were not contained therein."

12. Mylan performed its obligations under the Contract by tendering the Shipment to Covenant, and Mylan did and performed each and every act and thing incumbent upon it to be performed fully and completely in accordance with the terms and provisions of the Contract.

13. The Contract, plus any other agreements entered into between Covenant and Mylan, as may be elucidated in discovery, constituted the complete contractual terms between those parties.

14. On February 9, 2021, Covenant's driver, while transporting the Shipment in a tractor trailer truck in the daytime, in perfect visibility, and with perfect road conditions, having no equipment or vehicle failures, and without the involvement of any other nearby vehicles, in grossly negligent fashion drove his truck off of the side of Interstate Highway 40 in New Mexico, leaving the roadway, and flipping the truck and trailer over, without any plausible reason or excuse for doing so, causing damage to and total loss of the Shipment. The Covenant driver thereby completely lost control over his vehicle, endangered other vehicles and persons transiting the highway, and put himself, and the motoring public, at serious risk. Ultimately, his wrecked truck and trailer blocked passage on a federal interstate highway, exacerbating the danger to the motoring public. The facts indicate that Defendant Covenant, and/or its servants,

may also well have grossly failed to use reasonable care in driving and/or handling the Shipment and/or in other ways which will be elucidated in discovery.

15. Mylan has duly demanded reimbursement for the loss to the Shipment by submitting a claim to Covenant on February 15, 2021.

16. Upon paying Mylan for its loss under the applicable insurance policy, and being subrogated to Mylan's claim, Plaintiff submitted a claim to Covenant on July 22, 2021, demanding payment of $1,124,729.67.

17. Covenant has failed to pay the claim submitted to it by Mylan and also has failed to pay the claim submitted to it by Plaintiff.

18. Covenant breached its obligations under the Contract by failing to honor its obligation to bear the risk of loss of the Shipment, and by failing to pay the claim for damage to the Shipment.

19. Covenant was otherwise at fault and otherwise in breach of the Contract in causing the Shipment to be damaged and lost while in possession of same.

## **SUBROGATION**

20. Plaintiff insured the Shipment against loss and damage. By reason of the loss described above, Plaintiff was obliged to pay and actually paid the claim to Mylan, the shipper and owner of the consignment, and incurred substantial additional other expenses, for which Defendant Covenant is legally liable. Plaintiff brings this action on its own behalf and as agent or trustee on behalf of its insured for its deductible interest, and on behalf of all parties who may be or become interested in the subject Shipment as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

21. Plaintiff and its assured have performed all conditions on their parts to be

5

Case 3:21-cv-00314-TAV-HBG   Document 1   Filed 09/01/21   Page 5 of 9   PageID #: 5

performed.

22. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $1,200,000.00.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES UNDER THE CARMACK AMENDMENT

23. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

24. By reason of the foregoing, the Defendant Covenant was a carrier of merchandise and breached its duties as such under the Carmack Amendment, 49 U.S.C. § 14706, and/or other applicable laws, and/or under the Contract, and/or such additional agreements as may constitute a contract with Mylan.

25. Even if the Carmack Amendment applies here, the parties appear to have contracted here for additional privately ordered obligations beyond the terms of the Amendment.

26. By reason of the foregoing, the Defendant Covenant has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,200,000.00.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT

27. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

28. By virtue of the foregoing, the Defendant Covenant has signed and agreed to the Contract, and/or such additional agreements as may constitute a contract with Mylan.

29. By virtue of the Foregoing, Mylan fully performed all of its obligations under the Contract, and/or such additional agreements as may constitute a contract with Mylan.

30. By virtue of the foregoing, the Defendant Covenant has breached its obligations to Schein under the Contract, and/or such additional agreements as may constitute a contract with Mylan.

31. By virtue of the foregoing, the Defendant Covenant has performed its obligations to Mylan in a grossly negligent manner under the Contract.

32. By reason of the foregoing, the Defendant Covenant has breached its contractual duties and has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1.200.000.00.

## THIRD CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

33. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

34. The Defendant Covenant was acting as a bailee of the Shipment at the time of the loss. The Defendant Covenant was thereby, or through its contractors, agents, servants or sub-bailees, a bailee who warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to it and to perform its services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendant Covenant breached those bailment obligations and negligently failed to deliver to Plaintiff's assured, or its designee, the Shipment in as good condition as when entrusted to them.

35. By reason of the foregoing, the Defendant Covenant has caused damage to

Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,200,000.00.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE/GROSS NEGLIGENCE/WILLFUL MISCONDUCT

36. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

37. The Defendant Covenant, by its and/or its servants' negligence and/or gross negligence and/or willful misconduct, caused the damage to the Shipment. The facts indicate that Defendant may also well have failed to use reasonable care in handling the Shipment and/or in other ways which will be elucidated in discovery. The Defendant Covenant therefore improperly failed to deliver the Shipment to the consignee, or its designee, in as good condition as when entrusted to it.

38. By reason of the foregoing, the Defendant Covenant has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,200,000.00.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendant Covenant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant Covenant on each of the Causes of Action for the amount of Plaintiff's damages, together with interest, costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Plaintiff Demands a Trial by Jury.

Dated: Knoxville, Tennessee
September 1, 2021

HAGOOD MOODY HODGE, PLC

By:/s Timothy Housholder
Timothy A. Housholder (BPR # 020792)
900 S. Gay Street
Knoxville, TN 37902
Phone: (865) 525-7313
Fax: (865) 525-0858
E-Mail: tim@hagoodmoodyhodge.com
*Attorneys for Plaintiff*

OF COUNSEL:

MALOOF & BROWNE LLC
David T. Maloof, Esq.
Kipp C. Leland, Esq.
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
E-mails: dmaloof@maloofandbrowne.com
kleland@maloofandbrowne.com

F:\WP-DOCS\2309.96\Pleadings\083021 DRAFT 5 Complaint.doc